IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CHRISTINE MOORE                                                                    PLAINTIFF

v.                                    2:05CV00297-WRW

FORREST CITY SCHOOL DISTRICT, *ET AL.*                                  DEFENDANTS

## ORDER

Plaintiff brought suit against both the Forrest City School District and its Superintendent, Lee Vent, in his official capacity, alleging that she was discriminated against based on her race and retaliated against in violation of Title XII, 42 U.S.C. §§ 1981 and 1983. At the conclusion of a two-day bench trial held in Helena, Arkansas on March 13-14, 2007, the parties were directed to go to a settlement conference, which did not result in a settlement. Based upon the pleadings, evidence adduced, statements of counsel, and applicable law, I find as follows.

**I.     Background**

Plaintiff, an African-American female, began working for the Forrest City School District in 1985 as a kindergarten teacher. She graduated from college in 1974 with a B.S. Degree in Elementary Education and Early Childhood Development, and, in 1983, obtained a Master's Degree in Early Childhood Education with an additional thirty hours, and a principal's certificate. Before beginning her career in Forrest City, Plaintiff was a kindergarten teacher in the nearby Palestine School District. She has over thirty years experience.

Plaintiff first applied for an assistant principal position in 1991, but she was not granted an interview. She next applied for an elementary assistant principal position in June 2000 at Central

Elementary School. The position was filled by Tammy Mills, a Caucasian female. In response, Plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC"), and filed a grievance with the School District.[1]

On February 25, 2005, Plaintiff learned of another principal position on the School District's website. When Plaintiff submitted her application for the vacancy in March 2005, she was informed that the deadline for submissions had passed. Plaintiff maintains, however, that the website notification contained no submission deadline. Connie Reed, a Caucasian female, was selected for the position. Because the School District had already hired Ms. Reed's husband as the head coach when it posted the position, Plaintiff alleges that the posting was a ruse. Plaintiff filed a charge of discrimination with the EEOC.[2] The charge was dismissed, and she received her right to sue letter on August 26, 2005.[3]

In August 2005, another elementary assistant principal vacancy was filled, but Plaintiff did not apply for that position. She maintains that she was not notified of the posting. Plaintiff argues that Jamie Rougeau, a Caucasian female, was given the position. In support of this, Plaintiff cites an in-service training meeting in which Ms. Rougeau was introduced as the new Assistant Principal. Plaintiff also introduced evidence of a school letterhead that listed Ms. Rougeau as the Assistant

---

[1] The outcome of the grievance is unknown.

[2] Doc. No. 1, Ex. 1.

[3] *Id.*, Ex. 2.

Principal. Plaintiff filed another charge with the EEOC,[4] the charge was dismissed, and she received the right to sue letter on May 30, 2006.[5]

The School District maintains that the Assistant Principal position was never filled and that Ms. Rougeau was actually employed as the Dean of Students. Because Ms. Rougeau had not completed her Master's Degree or obtained Administrative Certification, she was not qualified for the Assistant Principal position. The two positions -- Dean of Students and Assistant Principal -- differ in salary, qualifications, and duties, with the Assistant Principal position requiring a higher degree of education and more duties but it pays a higher salary.

In August 2006, Plaintiff applied for an assistant elementary principal position, but she was not selected for an interview. At the trial, Dr. Alice Barnes testified that this position was not filled because all of the applicants were employees of the School District, and that if it hired Plaintiff, then there would be no one to fill the elementary class she taught.

The assistant elementary principal position was advertised again in November 2006. Plaintiff and Ennie Hardick, an African-American female, were interviewed. Once again, the School District did not fill the vacancy. The School District based its decision on lower student enrollment, arguing that the position was no longer necessary.

Plaintiff filed suit against the School District and against Mr. Vent, as Superintendent on November 22, 2005.

---

[4]*Id.*, Ex. 3.

[5]Doc. No. 13, Ex. 4.

**II. Analysis**

Plaintiff asserts that she suffered race discrimination and retaliation in violation of Title VII, § 1983, and § 1981. The burdens of proof for claims brought under Title VII, § 1983, and § 1981 are identical.[6] Therefore, this Order will consider the Title VII claims as including the § 1983 and § 1981 claims.

**A. Discrimination**

"Under the *McDonnell Douglas* framework, a presumption of discrimination is created when the plaintiff meets the burden of establishing a prima facie case of employment discrimination. A minimal evidentiary showing will satisfy this burden of production."[7] Once the plaintiff establishes a *prima facie* case of discrimination, "[i]t then falls to the employer to promulgate a non-discriminatory, legitimate justification for its conduct, which rebuts the employee's prima facie case."[8] If the employer meets its burden, "the presumption of discrimination disappears, requiring the plaintiff to prove that the proffered justification is merely a pretext for discrimination."[9] The plaintiff has the burden of persuasion at all times.[10] In order to establish a *prima facie* case of discrimination, Plaintiff must show (1) she is a member of a protected group; (2) she was qualified

---

[6] See *Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir. 1999); accord *Chambers v. Wynne Sch. Dist.*, 909 F.2d 1214, 1216 (8th Cir. 1990).

[7] *Id.*

[8] *Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 1111 (8th Cir. 2001) (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993)).

[9] *Id.*

[10] *Id.*

and applied for a promotion to an available position; (3) she was rejected; and (4) a similarly situated employee, not part of the protected group, was promoted instead.[11]

Once Plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for the employer not promoting the employee.[12] If the employer satisfies its burden of production, the employee must show that the proffered reason is pretextual.[13] However, at all times, the ultimate burden of persuasion remains with the employee.[14]

Accepting Plaintiff's arguments regarding Ms. Reed as true, there is no evidence of discrimination because the School District hired her as an accommodation to hiring her husband as the head coach, and not, as Plaintiff contends, because she is Caucasian. Furthermore, the School District presented evidence that it hired Ms. Reed because she had experience as an Assistant Principal in two other states -- experience that Plaintiff did not have, and a race neutral explanation.

With respect to Ms. Rougeau's position, the School District presented evidence that, because of a notable loss of enrollment, it realigned the grades within the District in order to close two elementary schools. Because of the realignment, state requirements regarding principals and assistant principals changed. For example, in the 2004-2005 school year, the junior high included grades 7, 8, and 9, and had a Principal (Mr. Billy Ferguson, a Caucasian male) and two Assistant Principals (Ms. Phyllis Conner and Ms. Katie Jones, both African-American females). As a result

---

[11]*Younts v. Fremont County, Iowa*, 370 F.3d 748, 755 (8th Cir. 2004).

[12]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[13]*Id.*

[14]*Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328, 1332 (8th Cir. 1996).

of the grade realignment, Ms. Jones, who had been the Assistant Principal primarily for the 9th grade, moved to the high school campus where the 9th graders had been reassigned.

Another result of the realignment was that there were too many 7th and 8th grade science teachers. Because Ms. Rougeau's services as a science teacher were no longer needed, the School District reassigned her to "lead teacher,"[15] so that she would not lose her job. The School District was able to make the reassignment under Ms. Rougeau's contract which allowed teachers to be required to do "other duties as assigned."[16] The School District maintains that the change did not result in a change in salary. While Ms. Rougeau did have an increased salary during the years she was considered a "lead teacher," the School District argues that it was the result of an across the board raise given to all teachers. Although the School District hired additional science teachers for the high school during the realignment, because of her lack of certification, Ms. Rougeau was not qualified to be transferred to teach at the high school level.

The School District presented evidence that the number of building administrators is directly correlated to the number of enrolled students. A campus with fewer than 500 students is only required to have one administrator, a principal. However, once the enrollment rises above 500, the school must have one full-time administrator, a principal, and one part-time administrator, an assistant principal. After the realignment, the junior high's enrollment was at or below 500 students, and the School District retained both a principal and assistant principal. Therefore, the School District exceeded its requirements and opted to remove the assistant principal posting.

---

[15]Trial testimony revealed that a "lead teacher" is one who works for all the other teachers by running copies, pulling materials, etc.

[16]Defendant's Post-Trial Brief.

The School District maintains that it reinstated the Dean of Students position several years ago, and not, as Plaintiff suggests, as a ruse to employ Ms. Rougeau. Importantly, Plaintiff testified that she never applied for the Dean of Students position, because the salary was substantially lower than that of the Assistant Principal position. The School District points out that it currently employs Mr. Stan Gardner and Mr. Donnie Willis, both African-American males, as Deans of Students.

With regard to the submission deadlines and web postings, the School District argues that the web posting Plaintiff submitted at trial is suspect because it did not come from its sanctioned web address. The School District also challenges Plaintiff's timely application in light of her confused testimony at trial regarding the dates.[17]

**B.     Retaliation**

To establish a *prima facie* case of retaliation, a plaintiff must show that she engaged in statutorily protected activity, that the defendant took adverse action against her, and a connection between the two.[18] The defendant may then rebut the plaintiff's case by advancing a legitimate, non-retaliatory reason for the adverse employment action.[19] "If the defendant makes this showing, the plaintiff must show that the defendant's proffered reason was a pretext for illegal retaliation."[20]

Plaintiff filed her first EEOC claim in 2000; however, she did not apply for another position until 2005. "A gap in time between the protected activity and the adverse employment action

---

[17]Plaintiff testified that she drafted the application letter on March 9, 2005; however, there was conflicting testimony regarding which date between March 11-14, 2005 the letter was delivered.

[18]*Montandon v. Farmland Industries, Inc.*, 116 F.3d 355 (8th Cir. 1997).

[19]*Shanklin v. Fitzgerald*, 379 F.3d 596, 603-604 (8th Cir. 2005).

[20]*Id*.

weakens an inference of retaliatory motive,"[21] and, given a delay of sufficient length, the "causal nexus tends to evaporate."[22] The Eighth Circuit has recently held that a six month gap in time to be too attenuated to show retaliation.[23]

## IV. Conclusion

Defendants' explanations for its failure to promote Plaintiff, and its evidence to rebut Plaintiff's claim of retaliation do not give me a solid comfort level. If Defendant had the burden of proof (risk of non-persuasion), I doubt that I could find for Defendants. On several crucial points the competing evidence seems to be in equipoise. The case is close, however, Plaintiff must prove both discrimination and retaliation by the greater weight of the evidence. She has not met her burden. For all of her allegations, Defendants offer race neutral explanations for its decisions. Accordingly, I must find for the Defendants on both issues.

IT IS SO ORDERED this 26th day of April, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[21] *Hesse v. Avis Rent A Car Sys., Inc.*, 394 F.3d 624, 633 (8th Cir. 2005).

[22] *Shanklin v. Fitzgerald*, 397 F.3d 596, 604 (8th Cir. 2005).

[23] See *Stewart v. Independent School Dist. No. 196*, No. 06-1870, 2007 WL 1029327 (8th Cir. April 6, 2007).